IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

JANE DOE,

    Plaintiff,

vs.

MRA HOLDINGS, LLC d/b/a
MRA VIDEO

    Defendant.

_____/

CASE No.: CI-01-9009
Division: 33

## COMPLAINT

Plaintiff, Jane Doe, sues Defendant, MRA Holdings, LLC and alleges:

1. This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of interest and costs.

2. Jane Doe is a resident of Orange County, Florida and at all times material has been a resident of the State of Florida.

3. MRA Holdings, LLC is a California limited liability company.

4. This Court has jurisdiction over the Defendant for any and all of the following reasons:

    A. The Defendant at all times material has engaged in business in the State of Florida, including Orange County, Florida.

    B. The actions of the Defendant that give rise to this cause of action have been ongoing and continuous and have occurred throughout the State of Florida, including Orange County, Florida.

    C. The Defendant has placed a product into the stream of

commerce and has sold that product in the State of Florida.

D. The Defendant has engaged in a tortuous act in the State of Florida.

5. On or about September 3rd, 4th, or 5th, 1999, Plaintiff was operating an automobile in Panama City Beach, Florida.

6. While operating her automobile, Plaintiff was approached by agents of the Defendant who were in possession of a video camera.

7. The agents of the Defendant requested that the Plaintiff, along with other occupants of the automobile, expose themselves for the video camera and in return the Defendant's agents would give them beaded necklaces.

8. The Plaintiff and other occupants of the vehicle exposed themselves to the Defendant's agents and were given beaded necklaces.

9. The Plaintiff was under the age of majority on the date and at the time the Defendant's agents made a videotape of the Plaintiff exposing her breasts.

10. Subsequent to the making of this videotape, the Defendant's agents provided the videotape to the Defendant, including the portions of the tape that depicted the Plaintiff. The videotape was subsequently placed into a commercial product called "Girls Gone Wild".

11. "Girls Gone Wild" is a videotape that contains approximately 120 minutes of females exposing different parts of their bodies and engaging in explicit sexual acts. This videotape was produced, marketed, distributed, advertised, published, printed, and/or displayed for public use by the Defendant.

12. The marketing of this videotape included a nationwide television ad

campaign, which included video-tape of the likeness of the Plaintiff in the advertisements.

## COUNT I

### UNAUTHORIZED PUBLICATION OF NAME OR LIKENESS

13. Florida Statute 540.08 provides that "no person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written consent or oral consent to such use by: (a) Such person;",.....

14. The Defendant has used the likeness of the Plaintiff in a national advertising campaign for purposes of promoting the sale of their product "Girls Gone Wild".

15. The Defendant has used the likeness of the Plaintiff for a commercial purpose by placing the Plaintiff's likeness in the "Girls Gone Wild" videotape and in the advertisements for the videotape. The Defendant has used the Plaintiff's likeness for a commercial purpose and has profited off of the Plaintiff's likeness.

16. The Defendant never obtained written or oral consent from the Plaintiff for the use of her likeness for a commercial or advertising purpose. In fact, since the Plaintiff was a minor at the time she was videotaped, the Plaintiff legally could not give consent to such use and the only way to obtain valid consent for use of the Plaintiff's likeness was to obtain such consent from the Plaintiff's parent or parents.

17. By the foregoing described actions the Defendant has violated Florida Statute 540.08.

18.     Florida Statute 540.08 provides that an aggrieved party can bring a cause of action for recovery of damages for loss or injury, which also includes a reasonable royalty, and punitive or exemplary damages.

19.     The Plaintiff has been damaged by the actions of the Defendant and more specifically by the commercial exploitation of her likeness without her permission or consent by the Defendant.

WHEREFORE, Plaintiff sues the Defendant for all damages awardable under Florida Statute 540.08, including but not limited to, damages for loss or injury and for a reasonable royalty.

## COUNT II

## INVASION OF PRIVACY – MISAPPROPRIATION OF LIKENESS

20.     Plaintiff reiterates and re-alleges paragraphs 1 through 18, inclusive.

21.     Defendants have commercially exploited Plaintiff's image and likeness without consent and have unjustly obtained commercial and pecuniary gain as a result.

22.     The Defendant's unjust commercial exploitation of the Plaintiff's image and likeness for a commercial purpose constitutes an invasion of the Plaintiff's privacy.

23.     As a direct and proximate result the Plaintiff has suffered embarrassment, humiliation, mental pain and suffering, and an invasion of her privacy. The Plaintiff will continually and permanently suffer in the future as a result of the actions of the Defendant. The Plaintiff is entitled to recover damages for loss and injuries she has sustained as a result of the actions of the Defendant.

WHEREFORE, Plaintiff demands judgment for damages, costs and such other relief as this Court deems just and proper.

## COUNT III

## INVASION OF PRIVACY – FLASE LIGHT

24. Plaintiff reiterates and re-alleges paragraphs 1 through 23, inclusive.

25. The videotapes, publications, displays, and other commercial uses of the Plaintiff's person and likeness by the Defendant gave the false impression that the Plaintiff posed for the commercial product or publication, and was willing to be associated with and participate in the pornographic displays contained within the videotapes and publications, and thus portrayed the Plaintiff in a false light.

26. Defendant used the Plaintiff's image and likeness with actual knowledge or reckless disregard for the effect the use, display, or publication of her likeness or image would have on the Plaintiff.

27. As a direct and proximate result of the Defendant's invasion of the Plaintiff's privacy, the Plaintiff has suffered embarrassment, humiliation, mental pain and suffering, and invasion of her privacy. The Plaintiff will continually and permanently suffer injury or damage in the future as a result of the actions of the Defendant. The Plaintiff is entitled to recover damages for the loss and injuries sustained thereby.

WHEREFORE, Plaintiff demands judgment for damages, costs and such other relief as this Court deems just and proper.

## COUNT IV

## DECEPTIVE AND UNFAIR TRADE PRACTICES

28. This is an action for damages pursuant to section 501.204, Florida Statues.

29. Plaintiff reiterates and re-alleges paragraphs 1 through 29, inclusive.

30. Defendant's actions as set forth above constitute an unfair method of

competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of section 501.204, Florida Statues.

31. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable attorney's fee. Plaintiff requests an award of attorney's fees pursuant to the provisions of section 501.2105, Florida Statutes.

WHEREFORE, Plaintiff demands judgment for damages, costs and such other relief as this Court deems just and proper.

JOSEPH D. TESSITORE
Florida Bar No.: 992364
Motes & Carr, P.A.
Post Office Box 3426
Orlando, Florida 32802-3426
(407) 897-6909
(407) 897-6949 Facsimile